```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION


ALYSSA MARIE MILLARD and      )
STACIE GRANGER,               )
                              )
          Plaintiffs          )
                              )
       v.                     )   Case No. 2:04 cv 8
                              )
FRANK A. McBRIDE and SOUTHLAKE)
COMMUNITY MENTAL HEALTH CENTER,)
INC. d/b/a SOUTHLAKE CENTER FOR)
MENTAL HEALTH,                )
                              )
          Defendants          )
```

OPINION AND ORDER

This matter is before the court on the Motion to Intervene filed by Sheila Manning, on February 23, 2007. For the reasons set forth below, this motion is **GRANTED**.

Background

The underlying claim in this matter regards allegations of sexual abuse made by a patient of the Southlake Community Mental Health Center against one of its employees. On March 9, 2006 and May 24, 2006, this court entered protective orders requiring Southlake's disclosure of the identity of patients who have made similar allegations and the production of Southlake records regarding these patients. (DE 42, DE 56) The production of this information was subject to a qualified protective order to ensure that its release complied with the Public Health Services Act, 29 U.S.C. §290dd-2(b)(2)(C).

The Act requires that, before the release of information,

patients must be given notice and an opportunity to respond to the application. (Order, p. 10) In addition, the court must determine that good cause exists by finding that other means for gaining access to the information would not be effective and that the public need for the information outweighs the potential for injury to the patient. (Order, p. 10) (*citing* ***United States v. Cook County, Illinois***, 277 F.3d 969, 982-983 (7th Cir. 2002)).

The court concluded that the plaintiff had no other means of gaining access to information that implicated a "heavy presumption in favor of public disclosure." (Order, p. 12) The court directed the defendant to serve notice on any individuals who alleged sexual abuse against Southlake's employee.

Sheila Manning, the movant in this matter, is the plaintiff in a similar cause of action filed against these defendants in Lake County Circuit Court. She seeks to intervene in this matter pursuant to Federal Rule of Civil Procedure 24 for the purpose of gaining access to the identity of other Southlake patients who have alleged sexual abuse.

## Discussion

Southlake's primary objection is that Federal Rule of Civil Procedure 24 does not provide an avenue for Manning to pursue access to this information.  Every circuit has recognized that Rule 24(b) is the appropriate device for third-party challenges to a protective order. ***Jessup v. Luther***, 277 F.3d 993, 997 (7th Cir. 2000); ***EEOC v. National Children's Center, Inc***., 146 F.3d 1042, 1045 (D.C. Cir. 1998)(collecting cases). Rule 24(b) states

2

that "Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common."  Further, the rule "is sufficiently broad-gauged to support a request of intervention for the purposes of challenging confidentiality orders." *Jessup*, 227 F.3d at 997; *Wilk v. American Medical Association*, 635 F.2d 1295, 1299 (7th Cir. 1980).

In deciding whether to permit intervention by a third-party, the court's exercise of discretion is gauged by "(1) whether the party opposing intervention has any substantial right at stake, and (2) whether the proposed modification [to the protective order] would 'tangibly prejudice' that right." *Griffith v. University Hospital, LLC*, 249 F.3d 658, 662 (7th Cir. 2001)(*quoting Wilk*, 635 F.2d at 1299. *See also Doe v. Marsalis*, 202 F.R.D. 233, 236 (N.D. Ill. 2001).

The defendant's argument assumes that Manning may intervene in this matter only to pursue a cause of action that arises from a common question of law or fact. However, as the cases noted above make clear, Rule 24(b) is the procedurally required means for a third-party seeking access to sealed court records, including discovery. *See Jessup*, 227 F.3d at 999; *Wilk*, 635 F.2d at 1299 ("Where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modifi-

3

cation can be denied only where it would tangibly prejudice substantial rights of the party opposing modification.")

Southlake also objects to Manning's access to this information because it believes that the collateral litigation in Lake County is nearing trial and "presumably discovery is now closed in that case." (Resp. Brief, ¶ 5)  This argument, grounded in the admissibility of this evidence in the state court proceeding, is best addressed by the state court. *See e.g.* ***Martinez v. City of Oxford***, 229 F.R.D. 159, 162 (C.D. Cal. 2005).

Instead, a valid objection must demonstrate that a substantial right is at risk of being tangibly prejudiced by the modification of the court's prior protective order. Southlake has not met this standard. In fact, Southlake has not made reference to any right that would be implicated by this disclosure. Consequently, it cannot show a right that has been "tangibly prejudiced," particularly in light of the ongoing protections afforded by compliance with the Public Health Service Act.

The protective order in this matter was entered according to the requirements of the Public Health Service Act. Any modifications to the order also must comply with the Act. Accordingly, the court's prior orders remain in effect and are extended to include Manning. *See* ***Beckman Industries, Inc. v. International Insurance Company***, 966 F.2d 470, 475 (9th Cir. 1992)("[L]egitimate interests in privacy can be protected by putting the intervenors under the same restrictions as those contained in the original protective order.").

4

Further, the intervenor shall draft the form of notice required by the Act and consistent with the regulations promulgated under the Act. 42 C.F.R. §2.31. As described in this court's prior order, the defendant shall serve this notice upon all non-party former and current clients who have made accusation of sexual misconduct. These clients will have 30 days to respond, and in the absence of an affirmative consent to disclosure, will be considered to have denied consent at the conclusion of the 30-day period.

At the expiration of the 30 days, this court authorizes disclosure of non-party identifying records concerning allegations of sexual misconduct consistent with this order and the court's Order of May 24, 2006.

_____

For the forgoing reasons, the Motion to Intervene filed by Sheila Manning on February 23, 2007, is **GRANTED**.

ENTERED this 6th day of April, 2007

s/ ANDREW P. RODOVICH
United States Magistrate Judge

5