```
                     UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF INDIANA
                           HAMMOND DIVISION


ALYSSA MARIE MILLARD and      )
STACIE GRANGER,               )
                              )
          Plaintiffs          )
                              )
     v.                       )    Case No. 2:04 cv 8
                              )
FRANK A. McBRIDE and SOUTHLAKE)
COMMUNITY MENTAL HEALTH CENTER,)
INC. d/b/a SOUTHLAKE CENTER FOR)
MENTAL HEALTH,                )
                              )
          Defendants          )
```

OPINION AND ORDER

This matter is before the court on the Motion for Protective Order to Preclude the Testimony and Evidence of Toni M. Carter-Hairston filed by the plaintiff, Stacie Granger, on May 15, 2007. For these reasons set forth below, the motion is **GRANTED**.

Background

In February 2002, the plaintiff, Stacie Granger, was an inpatient at the Southlake Community Mental Health Center. She was ordered to participate in a drug rehabilitation program at Southlake as a condition of her release on bond. While at South-lake, defendant Frank McBride was assigned as Granger's drug counselor.

In her complaint, Granger alleges that McBride sexually assaulted her and wrongfully caused her to fail the rehabilitation program and, consequently, violate the conditions of her release. In addition to claims of assault and sexual battery

against McBride, Granger alleges that Southlake was aware that McBride had a history of similar misconduct and that Southlake was acting as an agent of the state and conducting a public function sufficient to create liability under 42 U.S.C. §1983.

The complaint was filed in Lake Superior Court and removed to this court on January 8, 2004. The initial case management deadlines were set at a March 2005 status conference and then continued due to ongoing criminal proceedings against McBride. In October 2005, the court established a May 31, 2006 deadline for the disclosure of expert witnesses and reports as well as a separate June 30, 2006 deadline for the close of discovery. Following the resolution of a dispute over the disclosure of non-party patient records from Southlake, the parties again were granted extensions to the case management deadlines. In September 2006, the discovery deadline was extended through February 28, 2007. Finally, on March 30, 2007, Southlake, noting that it "recently" had disclosed an expert, sought an extension of the deadline for filing dispositive motions.

The expert that Southlake referenced, Toni M. Carter-Hairston, was disclosed on February 27, 2007. On this date, Southlake's counsel indicated in a letter to Granger's counsel that Carter-Hairston is expected to testify regarding Southlake's "policies and procedures in general" and specifically with respect to hiring and supervision practices.

Carter-Hairston developed a report dated April 9, 2007. However, Southlake did not provide this report to Granger until

2

after Southlake filed its motion for summary judgment on May 14, 2007. The trial in this matter is set for September 24, 2007.

## Discussion

Federal Rule of Civil Procedure 26(a)(2)(A) requires the disclosure of "any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence." ***Musser v. Gentiva Health Services***, 356 F.3d 751, 756 (7th Cir. 2004). The rule requires the disclosing party also to provide a complete written report indicating the information considered by the expert witness in formulating his testimony, as well as the qualifications of the witness.  Rule 26(a)(2)(B); ***Bevolo v. Carter***, 447 F.3d 979, 981 (7th Cir. 2006); ***Musser***, 356 F.3d at 756. "These disclosures shall be made at times and in the sequence directed by the court."  Rule 26(a)(2)(C).

Federal Rule of Civil Procedure 37(c)(1) establishes the presumption that the failure to disclose information according to the rule's requirement results in its exclusion from use at trial, in a hearing, or in support of a motion. The exclusion may be avoided by a showing that the failure was "substantially justified" or "harmless."  Rule 37(c)(1); ***Musser***, 356 F.3d at 758 ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.").

The determination of whether the failure was harmless or justified is left to the broad discretion of the court. ***Commonwealth Insurance Company v. Titan Tire Corporation***, 398 F.3d 879,

888 (7th Cir. 2004). A series of factors guides this determination, including

> (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.
>
> ***David v. Caterpillar, Inc***., 324 F.3d 851, 857 (7th Cir. 2003)

See also ***Keach v. U.S. Trust Co.,*** 419 F.3d 626, 640 (7th Cir. 2005).

Southlake first argues that its disclosure of Carter-Hairston was timely, based upon the court's extension of the deadline for the close of discovery. Specifically, Southlake argues that the order extending the close of discovery "supercedes any prior scheduling orders." This view is not accurate, and Southlake has offered no argument to support treating the separate deadlines for expert disclosure and the close of discovery as a single deadline.  In fact, an expert disclosure deadline which coincides with the discovery deadline effectively would preclude the plaintiff from deposing any expert witnesses identified by Southlake.

Southlake's approach also would have the effect of requiring the parties to file any *Daubert* motions prior to the deadline for disclosing expert witnesses. This illogical result, requiring a party to challenge an expert before that expert's disclosure, can not be read into the court's order. *See* ***Bevolo***, 447 F.3d at 981

4

("In that order the court spoke only of the discovery deadline for filing dispositive motions. There was no mention of an extension of the expert witness disclosure deadline . . ."). As in **Bevolo**, the defendant could have, but did not, seek to extend the period of time in which to disclose an expert witness. *See also* **Mannoia v. Farrow**, 476 F.3d 453, 457 (7th Cir. 2007)("As for Mannoia's contention that he was unable to retain an expert until after the close of discovery when the deposition transcripts were prepared, it was his duty to seek relief from the court.").

Because Southlake's argument that its disclosure was timely fails, it must show that its failure to disclose Carter-Hairston within the appropriate period was justified or harmless. Southlake offers no argument that its decision to retain an expert could not have been made sooner. This omission is especially notable in this instance because the factual basis of the claim has been well-known since the claim was filed almost four years ago.

Southlake is further hindered in its attempt to show justification in the awkward timing of this disclosure. Not only was the disclosure made after almost four years, but it was made at what the defendant apparently believed was the last moment in which to make such a disclosure - one day before the close of discovery. Further, the full breadth of the disclosure required under Rule 26 was not made until after Southlake filed its motion for summary judgment in this matter, relying at least in part upon Carter-Hairston's testimony. Consequently, the plaintiff has

5

had no ability to conduct discovery on Carter-Hairston's testimony prior to service of the motion for summary judgment. The failure is not harmless. Further, when courts have not subjected such evidence to the discovery rules' automatic exclusion, courts typically relied on the fact that the expert already was known to the parties, even though the requirement of the rules had not been met, or the disclosure was late by only trivial amounts of time. *See* **Sherrod v. Lingle**, 223 F.3d 605, 613 (7th Cir. 2000); **Musser**, 356 F.3d at 758-59. Neither circumstance is met here.

Finally, Southlake supported its late disclosure of Carter-Hairston's testimony by noting that Granger also has disclosed an expert beyond the deadline. However, this disclosure regards a treating psychologist who recently began treating Granger. There is nothing in the record to suggest that this disclosure was anything more than Granger's fulfillment of her duty to seasonably supplement discovery responses pursuant to Rule 26(e). Accordingly, all use of testimony from the defendant's expert, Toni M. Carter-Hairston, is barred pursuant to Rule 37(c)(1).

_____

For the foregoing reasons, the Motion for Protective Order to Preclude the Testimony and Evidence of Toni M. Carter-Hairston filed by the plaintiff, Stacie Granger, on May 15, 2007, is **GRANTED**.

ENTERED this 16th day of July, 2007

s/ ANDREW P. RODOVICH
United States Magistrate Judge